Commonwealth v. Northern Electric Light & Power Co. and Commonwealth v. Edison Electric Light Co., supra. Those cases were properly decided. The reason assigned for the decision in Commonwealth v. Northern Electric Light Co., however, is not satisfactory. Carried to its logical conclusion, as was done in this case by the learned judge who decided it in the common pleas, it leads to a wrong result. Electric light, heat and power companies are manufacturing corporations within the meaning of the act of 1874 and its supplements. They are not exempt from a tax on their capital stock under section 20 of the act of 1885, because they are not within the policy of the legislature in passing that act, and it was not intended that they should share in its benefits. They are included, however, with other manufacturing corporations, in the act of May 25, 1878, and the purchasers at a sheriff's sale of the franchises of such companies are authorized to reorganize as provided by that act.

The judgment is reversed.

---

## Mandamus to Chester County Judges.

|193   251|
|f195  320|

*Equity—Equity rules—Mandamus.*

The Supreme Court will not award a mandamus against the judges of a court of common pleas to compel them personally to audit the accounts of a receiver of an insolvent corporation and to distribute the fund in his hands.

Petition for mandamus.   S. C. Miscellaneous Docket No. 1, No. 365.   Before Sterrett, C. J., Green, McCollum, Mitchell, Dean and Fell, JJ.   Rule discharged.

From the record it appeared that on July 19, 1899, on petition of certain creditors, a rule was granted to show cause why a writ of alternative mandamus should not issue directed to the judges of the court of common pleas of Chester county sitting in equity, to make distribution of the assets of the Chester County Guarantee Trust and Safe Deposit Company, among the creditors, without referring the same to a master or an auditor, returnable October 5, 1899, at Philadelphia.

HEMPHILL, P. J., returned the following answer to the rule:

To the Honorable the Chief Justice and Associate Justices of the Supreme Court of Pennsylvania: •

The answer of the judges of the court of common pleas of Chester county by JOSEPH HEMPHILL, president judge of said court, to the rule granted by your honors on July 19, 1899, in the matter of the distribution of the assets of the Chester County Guarantee Trust and Safe Deposit Company, in the hands of the receivers of said company, is as follows:

1. Honorable WILLIAM BUTLER, JR., additional law judge of said court, was of counsel with the receivers of said company at the time of his election to office, and has taken no part in any of the proceedings relative to said receivership in the court of common pleas of Chester county.

2. On February 12, 1897, upon a bill in equity filed by Elias Blair and others against said company, being No. 313 in said court, two receivers were appointed to collect and distribute the assets of the company, who in due course filed a first account exhibiting a balance of $39,754.27 for distribution.. Upon petition of a creditor, the court of common pleas of Chester county appointed A. M. Holding, Esq., named in the decree of appointment "master and examiner," to distribute said balance. Distribution was made by him, and to his reports exceptions were filed by the complainants among others; and these exceptions were fully heard and dismissed, and the report of the master and examiner was confirmed and distribution ordered in accordance with his report.

3. One of the exceptions filed by the complainants and which is the cause of complaint here, averred that the court was without authority to refer the distribution of the fund to a master and examiner or auditor, and that distribution should have been made by the judges sitting as chancellors in accordance with the amended equity rules of your honorable Court referred to in the complainants' petition. It is respectfully suggested that the duty imposed upon the court of construing said equity rules is judicial and not ministerial in character, and a writ of mandamus will not lie, though the conclusion reached with respect to the means of distribution be wrong, as has been determined by your honorable Court in Newlin's Petition, 123 Pa. 541, and Johnson's License, 165 Pa. 315. An appeal from the decision

of the court dismissing the exceptions of the complainants as to the method of distribution will accomplish the same end as is sought by the writ prayed for: Com. ex rel. v. Thomas, 163 Pa. 450.

4. The creditors of the Chester County Guarantee Trust and Safe Deposit Company on certificates of deposit numbered 1213. Their certificates varied in amount from $3.00 upwards, and bear interest from different dates. The total claims were $639,024.01. The claimants were scattered through several states. The testimony taken covered 939 typewritten pages, 280 pages of which covered proofs of claims. The auditor's hearings were held from May 31 to October 19, 1898, and proofs of claims were made almost daily. His duties required the calculation of interest on claims covering over 100 pages, and his reported schedule of distribution covers 50 pages. Nine separate and distinct reports were prepared by him on the various matters arising in the distribution. The majority of the members of the bar were interested, and the meetings and adjournments were concurred in by them. Counsel for the present complainants appeared before the auditor on behalf of his clients and proved his claims, and no objection to the course of procedure was made until the labors of the auditor had been entirely completed, and then by the exception referred to in paragraph three hereof. Recognizing the great labor involved in the distribution, counsel present before the auditor at his first meeting consented to the appointment of the official stenographer to take the testimony.

5. Our decision, that distribution in cases of this character is properly made with the aid of a master or auditor, is based upon our interpretation of the equity rules adopted by your honorable Court. These rules require that "the hearing of cases in equity shall be conducted before the judge sitting as a chancellor or before a referee, and the office of master in chancery is hereby discontinued, except in proceedings where decrees or interlocutory orders are to be executed, or their execution supervised by an officer of the court." They further require that "the judge shall sit continuously during the trial of causes in equity in the same manner as during the trial of actions at law." And said rules would seem to clearly indicate what are the cases in equity that are to be thus tried.

" All defenses in equity cases shall be made by answer or by demurrer," and "when a case in equity is at issue upon demurrer, it shall be placed on the argument list then next to be heard. When it is at issue upon answer it shall be placed on the equity trial list." And it is expressly declared, at the conclusion of the amendments to the equity rules, that such amendments shall " be applicable to all cases in equity put at issue either on answer or demurrer," on and after the first Monday of March, 1894. The " cases in equity," therefore, would seem to be only such as are at issue either upon demurrer or answer. It is therefore respectfully submitted that the only " case in equity" referred to in the complainants' petition, and which is within the contemplation of the equity rules, is the case of Blair et al. v. The Chester County Guarantee Trust and Safe Deposit Company, which was disposed of upon bill and answer, the answer admitting insolvency as averred in the bill and the court appointing receivers.

It is further respectfully submitted that distribution by the judges sitting as chancellors of funds in the hands of receivers is not a " case in equity " within the meaning of the rules, there being no issues to be heard or tried but a collateral matter arising out of the equity case already disposed of. The practice of making such distribution with the aid of an auditor has been recognized by your honorable Court in Lane v. Washington Hotel Co., 190 Pa. 236.

6. If, therefore, in thus acting we erred, it was not due to any intentional disrespect to your honorable Court or disregard for its rules, but because they were mistakenly construed, and should your honorable Court give them a different construction, your respondent will cheerfully abide by and carry out any order or decree that you may see fit to make in the premises.

Your respondent therefore prays that said rule may be dismissed with costs.

*J. Carroll Hayes* and *Wm. M. Hayes*, for petitioners.

*R. T. Cornwell, Wm. S. Windle* and *J. Frank E. Hause*, for respondent.

PER CURIAM, October 6, 1899 :
Rule discharged.